# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>80 acres, more or less, in Land Lot 74 of the Sixteenth (16th) Land District, Third (3rd) Section of Bartow County, Georgia and more particularly described herein;<br><br>and<br><br>Unknown Owners,<br><br>  Defendants. | CIVIL ACTION NO. |

## COMPLAINT FOR CONDEMNATION AND RELATED RELIEF

Plaintiff, Transcontinental Gas Pipe Line Company, LLC ("Transco"), pursuant to the Natural Gas Act (15 U.S.C. § 717f(h)) and Fed. R. Civ. P. 71.1, files this Complaint to condemn certain easement interests over, through, and across Defendant real properties necessary for the construction of a federally-authorized natural gas pipeline project, and to obtain injunctive relief allowing Transco possession of those easement interests before or by October 1, 2016, in order to avoid project delays and irreparable harm to Transco and the public.

## PARTIES

1. Transco is a Delaware limited liability company authorized to do business in the State of Georgia.

2.      Transco's principal place of business is in Houston, Texas.  Under the Natural Gas Act ("NGA"), 15 U.S.C. § 717 *et seq.*, Transco is a natural gas company.  Transco is engaged in the transportation of natural gas in interstate commerce, pursuant to 15 U.S.C. §§ 717(b) and 717a.

3.      Pursuant to 15 U.S.C. § 717f(h), Transco files this lawsuit in order to condemn certain easement interests necessary for the construction of a federally-authorized natural gas pipeline project.

4.      Defendants are properties over which the easement interests at issue are sought to be condemned (the "Properties"), as well as persons and entities who claim or may claim an ownership interest in those properties (the "Owners").[1]  A description sufficient to identify the Properties is attached as Exhibit A to this Complaint.  A list of Owners is attached as Exhibit B to this Complaint.  A drawing or survey plat of the properties, and a written description of the easement rights sought, is attached as Exhibit C to this Complaint.

5.      Transco has made known persons who have or claim an interest in the Properties parties to this action pursuant to Rule 71.1(c)(3) of the Federal Rules of Civil Procedure.

---

[1] Transco has already obtained easement rights from, and therefore asserts no claim against, the following persons and entities who claim or may claim an ownership interest in the Properties: Chad Martin Casey; Pamela Casey Scruggs; Phillip E. Casey; David A. Casey; Nancy Gwen Aurandt and Janice Casey Garner, as Co-Executors of the Estate of Nancy Hill Casey, deceased, Nancy Gwen Aurandt, Individually, and Janice Casey Garner, Individually; Nancy Gwen Aurandt, Janice Casey Garner; William Casey Malone and the Estate of William Henry Malone, deceased; William Casey Malone; Eddie Mayes Casey, as Executor of the Estates of Lucile Hamby Casey and Francis Hugh Casey, deceased, Eddie Mayes Casey, individually, Betty Ann Burruss, and Larry Fuller Casey; Eddie Mayes Casey, Betty Ann Burruss, and Larry Fuller Casey; Leon J. Steward and the Estate of Nancy L. Steward, deceased; Linda Millsap, f/k/a Linda Sherman, and the Estate of Sarah Casey Sherman, deceased; Linda Millsap, f/k/a Linda Sherman, and Lynn Sherman; Theresa J. Goswick and the Estate of Willa Casey Newton, deceased; Theresa J. Goswick and George Michael Goswick.

6. Transco is concurrently filing other condemnation actions against other real property involving common questions of law and fact in the Northern District of Georgia. Pursuant to Fed. R. Civ. P. 42(a) (allowing consolidating of actions involving common questions of law or fact) and Fed. R. Civ. P. 71.1(b) (allowing joinder of properties in condemnation actions such as this one), Transco intends to move to consolidate.

## JURISDICTION AND VENUE

7. Jurisdiction and venue are proper in this Court pursuant to 15 U.S.C. § 717f(h), 28 U.S.C. § 1331, and 28 U.S.C. § 1391(b)(2).

8. On August 3, 2016, the Federal Energy Regulatory Commission ("FERC") entered an order issuing a certificate of public convenience and necessity authorizing Transco to construct and operate an interstate natural gas transportation project known as the Dalton Expansion ("Dalton Expansion," or "Project"). See Transcontinental Gas Pipeline Co., LLC, Docket No. CP15-117, 156 FERC ¶ 61,092 (August 3, 2016) ("FERC Certificate"). An accurate and authentic copy of the FERC Certificate is attached as Exhibit D to this Complaint.

9. Transco has been unable to acquire the easements sought in this Complaint by contract from the Owners. On information and belief, the Owners are claiming more than $3,000 for the interests being sought by Transco.

10. Because Transco is a holder of a certificate of public convenience and necessity for the Project (the FERC Certificate), is unable to acquire the easements at issue by contract from the Owners, Transco is authorized to exercise the power of eminent domain in this Court to condemn those easements pursuant to Section 7 of the NGA, 15 U.S.C. §717f(h) and Fed. R. Civ. P. 71.1.

## FACTUAL BACKGROUND

*The Dalton Expansion*

11.     Transco transports natural gas in interstate commerce through pipeline facilities extending from principal sources of natural gas supply in and around the Gulf Coast of the United States to the Northeastern United States, ending in the New York City metropolitan area.

12.     Transco intends to construct and operate a new natural gas pipeline and related facilities to expand its existing interstate natural gas transportation capacity in Northwest Georgia.  This projects is known as the "Dalton Expansion."

13.     The Dalton Expansion is necessary to serve increasing natural gas demand in Northwest Georgia, including to an existing electricity-generating facility in northern Georgia operated by Oglethorpe Power Corporation and an existing electricity-distribution facility operated by Atlanta Gas Light Company.  Transco has binding agreements with Oglethorpe Power Corporation and Atlanta Gas Light Company for the provision of natural gas to those customers based on the construction of the pipeline at issue.

14.     The Dalton Expansion will consist of approximately 115 miles of new steel pipe ranging from 16 to 30 inches in diameter extending from the existing Transco pipeline in Coweta County, Georgia, and providing service to new delivery points in Bartow and Murray Counties, Georgia. The pipeline will transport approximately 448,000 dekatherms of natural gas per day (enough natural gas to meet the daily needs of about 2 million homes).  The Project will also include construction of a new compressor facility in Carroll County, Georgia, as well as three new metering facilities and other related pipe and valve modifications to existing facilities.

15. To construct the Dalton Expansion, Transco must acquire new permanent easements along the route of the Project. The Project, as approved by FERC, also requires Transco to acquire additional temporary construction workspace easements along most of the Project path, as well as temporary access road easements in certain specific locations to provide adequate ingress and egress for construction.

*FERC's Review and Issuance of the FERC Certificate*

16. Transco filed its formal application for the Project on March 19, 2015. Public notice and comment concerning the Project, however, began several months before that time.

17. Among other things, on April 11, 2014, FERC granted Transco permission to use FERC's pre-filing review process, a procedure designed to encourage early involvement by citizens, governmental entities, and non-governmental organizations in the development of proposed natural gas transmission projects prior to the filing of a formal application for a certificate of public convenience and necessity.

18. FERC issued a Notice of Intent to Prepare an Environmental Assessment of the Project ("NOI") on October 21, 2014, which was published in the Federal Register. The NOI requested public comment on specific concerns that FERC should consider in conducting its Environmental Assessment ("EA") of the Project.

19. In early November 2014, FERC held public scoping meetings in three separate communities near the Project path to provide the public with an opportunity to learn and comment about the Project. In response to the NOI and scoping meetings, FERC received multiple written comments, including several from affected landowners. Approximately twenty

persons and entities intervened in the proceedings.  See generally, Federal Energy Regulatory Commission, Docket No. PF14-10.

20. After Transco filed its formal application on March 19, 2015, FERC submitted the Project to extensive analysis and review, including a detailed EA.  That EA was filed on March 31, 2016.

21. After the required public notice, comment, and analysis, FERC entered an Order on August 3 2016, approving the Project and issuing the FERC Certification authorizing Transco to construct and operate the Project in accordance with the terms and conditions set forth therein.

22. FERC found "consistent with the Certificate Policy Statement and NGA section 7(c), that the public convenience and necessity requires approval of Transco's proposal, subject to the conditions discussed [in the FERC Order]."  Exhibit D, at 8.

23. Transco formally accepted the FERC Certificate by letter filed with FERC on August 8, 2016.

24. FERC has authorized Transco to proceed with the project, subject to certain conditions listed or referenced on pages 39 to 41 of its Order.   Exhibit D.

*Transco Must Meet Its In-Service Date of May 1, 2017*

25. The FERC Certificate, together with FERC's regulations, establishes an outside deadline of two years from the issuance of the FERC Order, for completing the Project and making the approved facilities operational and in-service.  Exhibit D at 39; 18 C.F.R. § 157.20(b) ("Any authorized construction, extension, or acquisition shall be completed and made available for service by applicant and any authorized operation, service, or sale shall be available for

regular performance by applicant within (period of time to be specified by the Commission in each order) from the issue date of the Commission's order issuing the certificate.").

26. Transco must also have the Project facilities completed and in-service by May, 2017, in order to meet its contractual deadlines with customers Oglethorpe Power Corporation and Atlanta Gas Light Company.

27. Transco must be able to enter onto the Properties for construction of the Project on or before October 1, 2016, in order to meet the May 2017 in-service deadline for the Project.

28. Transco has satisfied all conditions imposed by the FERC Certificate upon its exercise of eminent domain authority under the Natural Gas Act.

*The Easements Transco Seeks to Condemn*

29. In order to construct the Project pursuant to the FERC Certificate, Transco must acquire permanent easement(s) and temporary construction easement(s) from the affected property interest owners along the route of the Project. Owners in this case are affected property interest owners.

30. The terms on which Transco proposes to acquire the easement(s) at issue in this action are attached as Exhibit E.

31. Transco has been unable to obtain the necessary permanent easement(s) and temporary construction easement(s) needed to construct, operate, and maintain the Project by contract from the Owners. Transco has also been unable to agree with the Owners on the compensation to be paid for the easements Transco seeks.

**COUNT I**
**(Condemnation of Property)**

32. Transco incorporates the statements made in Paragraphs 1 to 31 into this Count.

33. Transco has the required authority for the taking(s) sought in this Complaint under Section 7 of the Natural Gas Act (15 U.S.C. § 717f(h)) and the FERC Certificate (Exhibit D).

34. The need for the taking(s) is stated in and evidenced by the FERC Certificate (Exhibit D).

35. Under controlling law, FERC's determination of need for the taking(s), as well as its other findings in the FERC Certificate, are conclusive in this action and cannot be challenged or collaterally attacked by Defendants in this Court.

36. Transco is entitled to an Order from this Court authorizing it to condemn the easement interests described in the Complaint and attached exhibits.

## COUNT II
### (Preliminary Injunction)

37. Transco incorporates the statements made in Paragraphs 1 to 36 into this Count.

38. Transco seeks an Order from this Court granting it the right of pre-trial entry onto and possession of the easement interests to be condemned pursuant to Federal Rule of Civil Procedure 65.

39. Given Transco's power of eminent domain under the Natural Gas Act and the FERC Certificate for the purposes of this Project, and the fact that the FERC Certificate conclusively establishes the need for the easement interests that Transco seeks to condemn, Transco is likely to succeed on the merits of this action.

40. Each condemnation proceeding against the various landowners along the Project path may require an evidentiary hearing to determine the amount of compensation that Transco must pay each affected property interest owner for the rights condemned. This could take an

extended period of time and, if Transco is not granted pre-trial access to and possession of the condemned easement interests, will almost certainly cause Transco to fail to meet its May 2017 in-service deadline.  Failure to meet this in-service deadline would result in significant adverse financial consequences that cannot be recouped from the Owners, as well as injury to Transco's goodwill and business reputation.

41. Furthermore, the Project must be constructed in phases; certain portions of the Project must be complete before construction can begin on the other portions. Thus, any one parcel could potentially delay the entire project. It is not feasible or efficient for Transco to build up to a parcel over which it does not possess easement rights, skip that parcel, and remobilize the construction crews to continue on the other side. In addition to adding considerable delays that jeopardize timely completion of the Project, each "move-around" would add hundreds of thousands of dollars of additional construction-related costs.

42. Thus, without immediate possession, Transco, its customers, and consumers of natural gas in Northwest Georgia face a substantial threat of irreparable injury.

43. Because the Takings Clause of the Fifth Amendment requires that Transco pay the Owners just compensation for the property rights being condemned, no matter when Transco takes possession, it will have to pay the Owners for its acquisition and use of the easements at issue. Therefore, the Owners will not suffer any harm if the Court grants Transco the right of pre-trial entry and possession through a Federal Rule of Civil Procedure 65 Order.

44. Granting Transco the requested right of pre-trial entry and possession is also in the public interest.  Congress passed the NGA and gave natural gas companies the power of eminent domain in order to ensure that consumers would have access to an adequate supply of

natural gas at reasonable prices. In the FERC Certificate, FERC specifically determined that the public convenience and necessity required approval of Transco's project. See FERC Certificate (Exhibit D) at 8.

45. Thus, the Court should grant Transco pre-trial entry onto and immediate possession of the Properties under Federal Rule of Civil Procedure 65.

### RULE 71.1(d) NOTICES

46. Pursuant to Federal Rule of Civil Procedure 71.1(d), the requisite notices to Defendants are attached hereto and submitted to the Clerk of Court.

### REQUESTED RELIEF

Therefore, Transco requests the court to grant it the following relief:

A. That the notices submitted herewith pursuant to Rule 71.1(d) be deemed good and sufficient;

B. Entry of an Order finding and adjudicating that Transco has the substantive right to condemn the permanent and temporary easements as described in this Complaint and the attached exhibits pursuant to Transco's power of eminent domain under the Natural Gas Act and the FERC Certificate;

C. Entry of an Order granting Transco a preliminary injunction, pursuant to Federal Rule of Civil Procedure 65, that authorizes Transco to enter onto the portions of the Properties to be condemned in this action and to take possession of and begin using those lands for Project construction work;

D. A determination of the amount of just compensation that Transco must pay the Owner for the property rights Transco is condemning in this action;

E. Upon payment into the Court of the just compensation, an Order granting Transco indefeasible title to the property rights Transco is condemning as described in this Complaint and the attached exhibits; and

F. Any other relief that the Court deems just and proper.

Dated: August 16, 2016.

By: */s/ Nowell D. Berreth*
Nowell D. Berreth
Georgia Bar No. 055099
W. Clay Massey
Georgia Bar No. 476133

*Counsel for Plaintiff*
*Transcontinental Gas Pipe Line Company, LLC*

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree St NW
Suite 4200
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777